No. 23-10682-H

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

DONALD F. JOHNSON,

Plaintiff-Appellant,

v.

UNITED STATES CONGRESS,

Defendant-Appellee.

On Appeal from the United States District Court
for the Middle District of Florida

## BRIEF FOR APPELLEE

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

ROGER B. HANDBERG
  *United States Attorney*

CHARLES W. SCARBOROUGH
CAROLINE D. LOPEZ
  *Attorneys, Appellate Staff
  Civil Division, Room 7535
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-4825*

**AMENDED CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

Pursuant to Eleventh Circuit Rules 26.1-1 through 26.1-3 and 27-1(a)(9),

undersigned counsel certifies that the following persons and entities may have an

interest in the outcome of this appeal:

Baker, David A.

Berger, Wendy W.

Boynton, Brian M.*

Bremer, Celeste F.

Chen, Jeffrey W.

Fagan, Patrick C.

Handberg, Roger B.*

Irick, Daniel C.

Kelly, Gregory J.

Johnson, Donald F.

Lopez, Caroline D.

Scarborough, Charles W.

United States Congress

United States Department of Veterans Affairs

\* Additions to previous certificate marked with an asterisk.

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff claims the Department of Veterans Affairs' reduction of his disability benefits payments in accordance with 38 U.S.C. § 5313 violated his constitutional rights. The suit should be dismissed for lack of jurisdiction because the Veterans' Judicial Review Act does not permit challenges to denials of veterans' benefits, including those that are cloaked as constitutional claims, to be brought in U.S. district courts. 38 U.S.C. § 511(a); *see also, e.g.*, *Hall v. U.S. Dep't Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (per curiam); *see also Smith v. United States*, 7 F.4th 963, 976 (11th Cir. 2021). That straightforward principle resolves this appeal, and the government therefore does not believe oral argument is necessary. Nevertheless, if the Court determines that oral argument will facilitate its deliberations in this case, the government stands ready to present argument.

# TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION ..................................................................................1

STATEMENT OF THE ISSUES...................................................................................2

STATEMENT OF THE CASE.......................................................................................2

      A.      Statutory Background......................................................................................2

              1.      Congress's Exclusive Scheme of Administrative and
Judicial Review of Veterans' Benefits .................................................2

              2.      Reduction of Disability Benefits to Incarcerated Veterans .............5

      B.      Factual Background ........................................................................................7

      C.      Prior Proceedings...........................................................................................8

      D.      Standard of Review.......................................................................................10

SUMMARY OF ARGUMENT................................................................................... 10

ARGUMENT ................................................................................................................ 13

I.      The District Court Lacked Jurisdiction over This Suit Because the VJRA
Courts Have Exclusive Jurisdiction Over All Claims for Benefits,
Including Constitutional Claims.............................................................................. 13

      A.      The Exclusive Scheme Congress Established for Adjudicating
Veterans' Benefits Claims Encompasses Constitutional Claims
and Divests All Other Courts of Jurisdiction over Claims Relating
to Benefits. ....................................................................................................14

      B.      There Is No Exception to the VJRA's Jurisdictional Bar for
"Facial" Challenges to the Constitutionality of Veterans Benefits
Statutes or Regulations.................................................................................24

II.     Even if the District Court Had Jurisdiction, the District Court Correctly
Dismissed Plaintiff's Constitutional Challenges. ................................................ 28

ii

CONCLUSION ................................................................................................ 38

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

**Cases:** Page(s)

*Andrews v. Secretary, Dep't of Veterans Affairs,*
845 F. App'x 880 (11th Cir. 2021) .............................................................. 19

*\*Andujar v. Bowen,*
802 F.2d 404 (11th Cir. 1986) ....................................................... 9, 28, 33

*Bates v. Nicholson,*
398 F.3d 1355 (Fed. Cir. 2005) .............................................................. 18

*Beamon v. Brown,*
125 F.3d 965 (6th Cir. 1997) ............................................................ 18, 25

*Bowles v. Russell,*
551 U.S. 205 (2007) .............................................................................. 27

*Brown v. Department of Veterans Affairs,*
451 F. Supp. 2d 273 (D. Mass. 2006) ..................................................... 23

*Buccheri-Bianca v. Heckler,*
768 F.2d 1152 (10th Cir. 1985) ............................................................. 29

*Butler v. Apfel,*
144 F.3d 622 (9th Cir. 1998) ...................................................... 28-29, 34

*Caldwell v. Heckler,*
819 F.2d 133 (6th Cir. 1987) ................................................................ 33

*Clark v. Riley,*
595 F.3d 1258 (11th Cir. 2010) ............................................................ 32

*Davis v. Bowen,*
825 F.2d 799 (4th Cir. 1987) ................................................................ 33

*Disabled Am. Veterans v. U.S. Dep't of Veterans Affairs,*
962 F.2d 136 (2d Cir. 1992) .................................................................. 26

*Estrada v. Shinseki,*
No. 11-3439, 2013 WL 64489 (Vet. App. Jan. 7, 2013) .......................... 22

*Flemming v. Nestor,*
363 U.S. 603 (1960) ............................................... 6, 33, 34, 36, 37

---

\* Authorities upon which we chiefly rely are marked with asterisks.

*Hall v. U.S. Dep't Veterans' Affairs,*
85 F.3d 532 (11th Cir. 1996) ......................... 4, 10, 11, 18, 19, 20, 22, 24, 25

*Hall v. West*:
217 F.3d 860, 1999 WL 1072252 (Fed. Cir. 1999) ................... 6, 7, 22, 29, 30, 34, 36
16 Vet. App. 391, 1999 WL 59690, *aff'd per curiam,*
217 F.3d 860, 1999 WL 1072252 (Fed. Cir. 1999) ............................. 6, 11

*Heckler v. Ringer,*
466 U.S. 602 (1984) ...................................................... 22-23

*Henderson ex rel. Henderson v. Shinseki,*
562 U.S. 428 (2011) ...................................................... 14, 15

*Hicks v. Veterans Admin.,*
961 F.2d 1367 (8th Cir. 1992) ...................................... 18, 21, 25

*Hughes v. Lott,*
350 F.3d 1157 (11th Cir. 2003) ........................................... 10

*Jensen v. Heckler,*
766 F.2d 383 (8th Cir. 1985) ........................................ 9, 33-34

*Johnson v. Department of Veterans Affairs,*
351 F. App'x 288 (10th Cir. 2009) ....................................... 20

*Johnson v. Robison,*
415 U.S. 361 (1974) ...................................................... 16

*Jones v. Governor of Florida,*
975 F.3d 1016 (11th Cir. 2020) ....................................... 32, 33

*Jones v. Heckler,*
774 F.2d 997 (10th Cir. 1985) ........................................... 34

*Larrabee ex rel. Jones v. Derwinski,*
968 F.2d 1497 (2d Cir. 1992) ........................................ 18, 25

*Latham v. Brown,*
4 Vet. App. 265, *aff'd per curiam,*
11 F.3d 1070, 1993 WL 394802 (Fed. Cir. 1993) ....................... 7, 9, 29-30

*Lewis v. Norton*:
355 F. App'x 69 (7th Cir. 2009) ........................................................ 18, 20, 21
No. 09-C-330, 2009 WL 1041815 (E.D. Wis. Apr. 17), *aff'd*,
355 F. App'x 69 (7th Cir. 2009) ........................................................ 35

*Lynch v. United States*,
292 U.S. 571 (1934) ........................................................................ 30, 36

*Marozsan v. United States*,
852 F.2d 1469 (7th Cir. 1988) .......................................................... 16

*Milner v. Apfel*,
148 F.3d 812 (7th Cir. 1998) ............................................................ 32

*Mulder v. McDonald*,
805 F.3d 1342 (Fed. Cir. 2015) ....................................................... 35, 36

*Recinto v. U.S. Dep't of Veterans Affairs*,
706 F.3d 1171 (9th Cir. 2013) .......................................................... 26

*Rivera v. Allin*,
144 F.3d 719 (11th Cir. 1998), *abrogated on other grounds by*
*Jones v. Bock*, 549 U.S. 199 (2007) ................................................. 30

*Schlomann v. McSteen*,
805 F.2d 1036, 1986 WL 18143 (6th Cir. 1986) ............................... 28

*Shinseki v. Sanders*,
556 U.S. 396 (2009) ........................................................................ 3

*Simpson v. U.S. Veterans Admin.*,
No. 22-10636, 2022 WL 17247565 (11th Cir. Nov. 28, 2022) ........... 4, 19

*\*Smith v. United States*,
7 F.4th 963 (11th Cir. 2021) .................................. 4, 11, 18, 19, 20, 25, 28

*Sorrow v. United States,*
No. 2:20-CV-169, 2020 WL 13280677 (S.D. Tex. Oct. 27, 2020),
*report and recommendation adopted*, 2021 WL 8441967 (S.D. Tex. Feb. 9, 2021) ......... 35

*Tobler v. Derwinski*,
2 Vet. App. 8 (1991) ........................................................................ 23

*Traynor v. Turnage,*
485 U.S. 535 (1988) ............................................................... 16

*United States v. Ruggiero,*
791 F.3d 1281 (11th Cir. 2015) ............................................. 31

*United States v. Salerno,*
481 U.S. 739 (1987) ............................................................... 31

*United States v. Tagg,*
572 F.3d 1320 (11th Cir. 2009) ............................................. 10

*Veterans for Common Sense v. Shinseki,*
678 F.3d 1013 (9th Cir. 2012) ........................................ 18, 26

*Vietnam Veterans of Am. v. Shinseki,*
599 F.3d 654 (D.C. Cir. 2010) .............................................. 21

*Waldman v. Conway,*
871 F.3d 1283 (11th Cir. 2017) ............................................. 10

*Wanless v. McDonough,*
No. 23-0326, 2023 WL 8764419 (Vet. App. Dec. 19, 2023) ........................ 22, 29, 36

*Wanless v. Shinseki,*
618 F.3d 1333 (Fed. Cir. 2010) ................................. 7, 29, 35, 36

*Wanless v. Veterans Admin.,*
70 F.3d 123, 1995 WL 681471 (10th Cir. 1995) .................... 20-21, 25, 35

*Wiley v. Bowen,*
824 F.2d 1120 (D.C. Cir. 1987) ............................................ 34

*Williamson v. Lee Optical of Okla., Inc.,*
348 U.S. 483 (1955) ............................................................... 32

*Zipkin v. Heckler,*
790 F.2d 16 (2d Cir. 1986) .................................................... 28

*Zuspann v. Brown,*
60 F.3d 1156 (5th Cir. 1995) ........................................... 18, 25

**Statutes:**

Prison Litigation Reform Act,
28 U.S.C. § 1915A ........................................................................ 8

Veterans' Judicial Review Act,
Pub. L. No. 100-687, div. A, 102 Stat. 4105 (1988) ..................................... 3

28 U.S.C. § 1291 ............................................................................ 2

28 U.S.C. § 1915(e)(2)(B)(i) ............................................................... 10

38 U.S.C. § 211(a) (1970) ................................................................. 16

38 U.S.C. § 301(b) .......................................................................... 2

38 U.S.C. § 502 ................................................................... 4, 11, 15

38 U.S.C. § 511 ............................................................................ 26

*38 U.S.C. § 511(a) ..................................................... 1, 3, 11, 14, 15, 24, 27

38 U.S.C. § 511(b) ......................................................................... 15

38 U.S.C. § 511(b)(4) ...................................................................... 15

38 U.S.C. § 1110 ............................................................................ 2

38 U.S.C. § 1310 ............................................................................ 2

38 U.S.C. § 1505 .......................................................................... 5, 7

38 U.S.C. § 5313 ........................... 1, 2, 6, 7, 8, 9, 10, 12, 13, 19, 20, 21, 22, 24, 29, 34

38 U.S.C. § 5313(a)(1) ...................................................................... 5

38 U.S.C. § 5313(a)(2) ...................................................................... 5

38 U.S.C. § 5313(b) ......................................................................... 5

38 U.S.C. § 7104(a) ......................................................................... 3

38 U.S.C. § 7252 ............................................................................ 3

38 U.S.C. § 7261 ........................................................................... 22

38 U.S.C. § 7261(a)(1) ............................................................ 3, 15

38 U.S.C. § 7292 ..................................................................... 3

38 U.S.C. § 7292(a) ................................................................. 22

38 U.S.C. § 7292(c) ................................................................. 3, 15

38 U.S.C. § 7292(d) ................................................................ 22

38 U.S.C. § 7292(d)(1) ............................................................ 3, 15

42 U.S.C. § 402(x) .................................................. 28, 32, 33, 34

**Regulations:**

38 C.F.R. § 3.665 ............................................. 1, 2, 6, 7, 8, 10, 19, 20, 21, 24

38 C.F.R. § 3.666 ................................................................. 6, 7

**Legislative Material:**

126 Cong. Rec. 26,118 (1980) (statement of Rep. G.V. Montgomery) ................. 29, 35

126 Cong. Rec. 26,122 (1980) (statement of Rep. Chalmers Wylie) ............................ 35

H.R. Rep. No. 100-963 (1988),
   *as reprinted in* 1988 U.S.C.C.A.N. 5782 .......................................................... 2, 16, 17

## STATEMENT OF JURISDICTION

In April 2020, the Department of Veterans Affairs (VA) reduced plaintiff's disability benefits payments pursuant to statutory and regulatory provisions limiting the payment of benefits to veterans incarcerated in state or federal prison for more than 60 days following a felony conviction.  *See* 38 U.S.C. § 5313; 38 C.F.R. § 3.665. Rather than challenging that decision in the scheme prescribed by Congress for adjudicating veterans' benefits claims (*i.e.*, in an appeal to the Board of Veterans' Appeals (Board), the United States Court of Appeals for Veterans Claims (CAVC), and the United States Court of Appeals for the Federal Circuit), plaintiff filed an action in district court seeking an order restoring his "full benefits" from the date that Section 5313 "was unlawfully enacted."  DE 6, at 6.[1]  As explained below, the district court lacked jurisdiction over that claim because Congress established an exclusive scheme for challenging veterans' benefits decisions and expressly divested district courts of jurisdiction over claims challenging decisions by the VA "under a law that affects the provision of benefits."  38 U.S.C. § 511(a).

On November 14, 2022, the district court issued an order adopting the report and recommendation of a magistrate judge dismissing plaintiff's claims as frivolous pursuant to the screening provisions of the Prison Litigation Reform Act.  DE 13. The district court granted plaintiff's motion for a certificate of appealability on

---

[1] District court docket entries are cited as "DE #, at #," where the page number refers to the CM/ECF pagination in district court.

January 30, 2023.  DE 16.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

On May 11, 2023, this Court issued an order providing that plaintiff could proceed

with this appeal.  Order, May 11, 2023.

## STATEMENT OF THE ISSUES

1.  Whether the district court lacked jurisdiction over plaintiff's constitutional

challenges to the VA's reduction of his disability benefits in accordance with 38

U.S.C. § 5313 and 38 C.F.R. § 3.665.

2.  Whether, even assuming the district court had jurisdiction, plaintiff's bill of

attainder and equal protection claims fail on the merits.

## STATEMENT OF THE CASE

**A.      Statutory Background**

**1.      Congress's Exclusive Scheme of Administrative and Judicial
Review of Veterans' Benefits**

The VA administers federal laws that distribute benefits to veterans of the

United States Armed Forces.  38 U.S.C. § 301(b).  Congress has charged the VA with

determining when veterans or their families are entitled to compensation for disability

or death incurred in connection with eligible military service, *see id.* §§ 1110, 1310.

Congress closely monitors the VA's performance of these important functions.  *See*

H.R. Rep. No. 100-963, at 25 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5782, 5807

(noting that "[t]he VA operates in the context of continuous Congressional

oversight").

2

In the Veterans' Judicial Review Act, Pub. L. No. 100-687, div. A, 102 Stat. 4105 (1988) (VJRA), Congress also established a robust, multitiered, and exclusive system for challenging VA benefits decisions. A veteran may initially appeal a VA decision denying his claim to the Board, an administrative board with authority over claims for veterans' benefits. 38 U.S.C. § 7104(a). A veteran dissatisfied with the Board's decision may appeal to the CAVC. *Id.* §§ 7252, 7261(a)(1). This independent Article I court has authority to review all relevant legal and factual issues, including constitutional claims and challenges to statutory or regulatory provisions. *Id.*

If neither of the first two levels of review resolves the issue in favor of the claimant, further review is available in the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. When reviewing such a decision, the Federal Circuit has authority to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." *Id.* § 7292(d)(1). In appropriate cases, further review may be sought in the Supreme Court. *Id.* § 7292(c); *see, e.g.*, *Shinseki v. Sanders*, 556 U.S. 396 (2009).

This multi-step review scheme is the exclusive means to obtain judicial review of VA benefits determinations. A provision of the VJRA expressly prohibits any court outside of this exclusive scheme from reviewing any "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). As this Court has long recognized, Section 511(a) is a broad

3

jurisdictional bar: "[U]nder the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the [CAVC], the Federal Circuit Court of Appeals and the Supreme Court." *Hall v. U.S. Dep't Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (per curiam). Congress also specified that challenges to the VA's regulations "may be sought only in" the Federal Circuit. *See* 38 U.S.C. § 502; *see also Hall*, 85 F.3d at 534 (holding that such challenges must be brought under the VJRA's review procedures for benefits decisions or directly to the Federal Circuit under 38 U.S.C. § 502).

This Court likewise has emphasized that "a plaintiff may not circumvent the VJRA's jurisdictional limitations by cloaking a benefits claim in constitutional terms." *Simpson v. U.S. Veterans Admin.*, No. 22-10636, 2022 WL 17247565, at *1 (11th Cir. Nov. 28, 2022) (per curiam). In *Hall*, this Court held that "[f]acial constitutional attacks on regulations promulgated by the Secretary may be pursued in one of two ways—either in accordance with the procedure set forth in the VJRA, or directly in the Federal Circuit Court of Appeals as permitted by 38 U.S.C. § 502." 85 F.3d at 534. And this Court more recently described "a challenge to the constitutionality of a statute providing for the provision of benefits" as "a clear example of a case over which a federal court lacks jurisdiction under the VJRA." *Smith v. United States*, 7 F.4th 963, 976 (11th Cir. 2021).

## 2. Reduction of Disability Benefits to Incarcerated Veterans

In establishing eligibility requirements for veterans to receive monetary benefits, Congress imposed limitations on those benefits under certain circumstances. As relevant to this case, Congress provided that:

> [A]ny person who is entitled to compensation or to dependency and indemnity compensation and who is incarcerated in a Federal, State, local, or other penal institution or correctional facility for a period in excess of sixty days for conviction of a felony shall not be paid such compensation or dependency and indemnity compensation, for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds—
>
>> (A) in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title; or
>>
>> (B) in the case of a veteran with a service-connected disability not rated at 20 percent or more . . . , one-half of the rate of compensation payable under section 1114(a) of this title.

38 U.S.C. § 5313(a)(1). However, Congress also created two exceptions to this general rule. First, Congress directed that this "subsection shall not apply with respect to any period during which a person is participating in a work-release program or is residing in a halfway house." *Id.* § 5313(a)(2). Second, Congress allowed the VA to pay benefits that an incarcerated veteran would otherwise have received to the spouse or child of the veteran. *Id.* § 5313(b). A similar statute prohibits the payment of pension benefits to incarcerated persons, while allowing payments to their dependents. *See id.* § 1505.

The VA has promulgated regulations implementing the statutory limitations on the payment of service-related disability benefits to incarcerated veterans. Like the governing statute, the regulations allow the spouse or child of a disqualified veteran to obtain such benefits in some circumstances, but not where the veteran is a fugitive felon. *See* 38 C.F.R. § 3.665. A similar regulation prohibits the payment of pension benefits to incarcerated persons, while allowing payments to their dependents. *See id.* § 3.666.

Within the scheme Congress established for reviewing veterans' benefits decisions, the CAVC and the Federal Circuit have rejected constitutional challenges to the statutes and regulations limiting the payment of benefits to incarcerated veterans. For example, in *Hall v. West*, 16 Vet. App. 391, 1999 WL 59690 (unpublished table decision), *aff'd per curiam*, 217 F.3d 860, 1999 WL 1072252 (Fed. Cir. 1999) (unpublished table decision), the CAVC and the Federal Circuit rejected claims that 38 U.S.C. § 5313 and 38 C.F.R. § 3.665 violated the bill of attainder and the equal protection clauses. The Federal Circuit first explained that because "the sanction of the mere denial of a noncontractual benefit without more did not evidence a congressional intent to punish," the "withdrawing [of] VA benefits does not constitute punishment" and "the instant statute and its implementing regulation are not illegal bills of attainder." *Hall v. West*, 217 F.3d 860, 1999 WL 1072252, at *1 (Fed. Cir. 1999) (citing *Flemming v. Nestor*, 363 U.S. 603, 617 (1960)). The Court also rejected the equal protection challenge, finding that the statute and regulation "are

rationally related to the legitimate government interest in preventing prisoners, who are supported by tax dollars, from receiving additional tax dollars in the form of VA benefits." *Id.* at *2; *see also, e.g.*, *Wanless v. Shinseki*, 618 F.3d 1333, 1337-38 (Fed. Cir. 2010). The CAVC and the Federal Circuit also have rejected constitutional challenges to similar statutes and regulations barring the payment of pension benefits to incarcerated persons. *See Latham v. Brown*, 4 Vet. App. 265, *aff'd per curiam*, 11 F.3d 1070, 1993 WL 394802 (Fed. Cir. 1993) (unpublished table decision) (rejecting challenges to 38 U.S.C. § 1505 and 38 C.F.R. § 3.666). Thus, the courts Congress assigned to adjudicate veterans' benefits claims have upheld the precise statute (and implementing regulation) against the precise challenges plaintiff seeks to raise in this case.

### B. Factual Background

Plaintiff, Donald F. Johnson, served in the United States Army from 1983 to 1985 before being honorably discharged. *See* DE 1, at 1; DE 6, at 1. In 2013, plaintiff was incarcerated in Florida state prison after he was convicted of state felonies and sentenced to 40 years. *See* DE 1, at 1; DE 6, at 1.

In April 2020, the VA granted plaintiff compensation for service-connected post-traumatic stress disorder with a disability rating of 70%. *See* DE 6, at 2. In accordance with 38 U.S.C. § 5313 and 38 C.F.R. § 3.665, the VA paid plaintiff compensation at only the 10 percent disability rate because he was incarcerated. *See* DE 1, at 2; DE 6, at 2. Although plaintiff has at times appealed aspects of various VA

benefits determinations, he did not appeal the VA's reduction of his disability benefits payments based on 38 U.S.C. § 5313 and 38 C.F.R. § 3.665 to the Board, much less challenge the constitutionality of either the statute or the regulation in the VJRA scheme, where such challenges have long since been rejected.[2]

Instead, plaintiff filed a pro se action in the Middle District of Florida in March 2022, challenging the constitutionality of the VA's determination to reduce his disability benefits payments in accordance with 38 U.S.C. § 5313.  *See* DE 1.  He sought an order instructing the VA "to immediately cease compensating incarcerated veterans at the reduced 10% rate" and requiring that his "full benefits be restored from the date that [Section] 5313 was unlawfully enacted."  DE 1, at 7; DE 6, at 6.

## C.    Prior Proceedings

**1.**  After providing plaintiff with an opportunity to submit additional filings in support of his claims, a magistrate judge issued a report and recommendation that plaintiff's claims be dismissed pursuant to the screening provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915A.  *See* DE 11, at 3, 7.  While assuming without deciding that "the [c]ourt may have jurisdiction over [p]laintiff's claim for veterans benefits to the extent he alleges only facial constitutional challenges to 38

---

[2] This was not the first time plaintiff had his benefits payments reduced due to his incarceration.  In a 2013 decision, the VA determined that plaintiff was eligible for disability benefits based on a knee injury (among other things), but had likewise reduced the payable amount of those benefits in accordance with 38 U.S.C. § 5313 and 38 C.F.R. § 3.665.  Although plaintiff appealed that decision on other grounds, he did not challenge the application of the reduction.

U.S.C. § 5313," *see id.* at 5, the magistrate judge concluded that plaintiff's claims were frivolous, *id.* at 5-7. In making that determination, the magistrate judge relied on decisions by the CAVC and the Federal Circuit upholding the constitutionality of 38 U.S.C. § 5313, as well as decisions by this Court upholding the "the nonpayment of benefits to prison inmates against various constitutional challenges." *See id.* at 6 (quotation marks omitted) (first citing, *inter alia*, *Andujar v. Bowen*, 802 F.2d 404, 405 (11th Cir. 1986) (per curiam); and then citing *Latham*, 4 Vet. App. at 268). The magistrate judge also concluded that "Section 5313 is not a bill of attainder 'because the suspension of a noncontractual benefit cannot be considered a punishment.'" *Id.* at 7 (quoting *Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir. 1985) (per curiam)). The magistrate judge thus recommended dismissal without prejudice on the ground that plaintiff's claims were frivolous.

The district court adopted the magistrate judge's report and recommendation, explaining that "numerous courts have upheld the law, and [p]laintiff fails to set forth a sufficient legal basis to challenge such precedent." DE 13, at 2. Because the district court dismissed the action during prescreening, the government was never served and did not participate in the district court proceedings. *Cf.* DE 11, at 7.

**2.** Plaintiff appealed, and this Court granted his motion to appoint counsel on the ground that his constitutional challenge to 38 U.S.C. § 5313 "presents a novel issue on appeal." Order 2-3, Mar. 22, 2024. Court-appointed counsel filed the opening brief on August 28, 2024. The government entered an appearance to defend

the district court's order dismissing plaintiff's claims on both jurisdictional and merits grounds.

### D.    Standard of Review

This Court reviews a district court's determination as to subject-matter jurisdiction de novo. *See, e.g.*, *Hall v. U.S. Dep't Veterans' Affairs*, 85 F.3d 532, 533 (11th Cir. 1996) (per curiam). If the Court determines that the district court had jurisdiction over plaintiff's claims, the district court's "*sua sponte* dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for abuse of discretion." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). To the extent the Court engages in a full merits analysis of those constitutional claims, review would be de novo. *See, e.g.*, *United States v. Tagg*, 572 F.3d 1320, 1325 (11th Cir. 2009). This Court may affirm the dismissal of a complaint "on any ground supported by the record, regardless of whether that ground was relied upon or even considered below." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam).

## SUMMARY OF ARGUMENT

**I.** The district court lacked jurisdiction over plaintiff's challenge to the VA's decision reducing his disability benefits payments in accordance with 38 U.S.C. § 5313 and 38 C.F.R. § 3.665. In the VJRA, Congress established a comprehensive and exclusive scheme for adjudicating veterans' benefits claims, providing for administrative review in the Board, followed by judicial review in the CAVC, and further review in the United States Court of Appeals for the Federal Circuit. This

elaborate and carefully-crafted system provides an adequate and exclusive avenue for veterans to pursue benefits claims and raise constitutional and other challenges to the statutes and regulations that govern those benefits decisions. Indeed, the CAVC and the Federal Circuit long ago rejected challenges under the equal protection and bill of attainder clauses to the very same statute requiring the reduction of disability benefits payments to incarcerated veterans that plaintiff seeks to raise here. *See Hall v. West*, 16 Vet. App. 391, 1999 WL 59690 (unpublished table decision), *aff'd per curiam*, 217 F.3d 860, 1999 WL 1072252 (Fed. Cir. 1999) (unpublished table decision).

Plaintiff may not sidestep the congressionally-prescribed scheme of administrative and judicial review (and the binding precedent in *Hall*) by declining to raise these arguments through that exclusive review mechanism and instead seeking a district court order for restoration of those benefits. Congress broadly divested district courts of jurisdiction to review "questions of law and fact necessary to a decision by the Secretary [of the VA] under a law that affects the provision of benefits by the Secretary to veterans," 38 U.S.C. § 511(a), and also specified that challenges to VA regulations may proceed only in the Federal Circuit, *id.* § 502. As this Court has recognized, these provisions of the VJRA channel all claims relating to veterans' benefits—including constitutional claims—exclusively to the specialized courts that Congress designated to hear such claims. *See Hall v. U.S. Dep't Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (per curiam); *see also Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021).

This Court should hold that the district court lacked jurisdiction over plaintiff's claims challenging the VA's reduction of his benefits because those claims would plainly require the court to review decisions by the VA with respect to the provision of benefits. It makes no difference that plaintiff characterizes his claims as "facial" constitutional challenges to the statute mandating reductions in benefits for incarcerated veterans. Such claims cannot be disentangled from plaintiff's challenge to the VA's application of those rules to reduce his benefits, which may only proceed in the exclusive scheme established in the VJRA. Indeed, allowing plaintiff's constitutional claims to proceed in district court would subvert Congress's attempt to ensure consistency and uniformity in the disposition of benefits claims because a hypothetical decision by the district court or this Court invalidating the statute or regulations reducing the benefits available to incarcerated veterans would directly conflict with the Federal Circuit's decision in *Hall*. That would subject the VA to competing precedents as to how to treat plaintiff's claim for benefits and produce precisely the sort of conflict and inconsistency among different courts that Congress sought to avoid when it enacted the VJRA.

**II.** There is no need for this Court to proceed any further to dispose of this appeal. However, if the Court were to conclude that the district court has jurisdiction, it should affirm the dismissal of plaintiff's equal protection and bill of attainder challenges to 38 U.S.C. § 5313.

As the CAVC and the Federal Circuit held long ago in *Hall*, 38 U.S.C. § 5313 does not burden any fundamental right or any suspect class, and it easily survives rational-basis review because the reduction of benefits to incarcerated veterans plainly furthers the government's legitimate interests in avoiding duplication of subsistence payments and preventing contraband purchases within prisons. For many of the same reasons, the CAVC and Federal Circuit have also concluded that 38 U.S.C. § 5313 was not intended as a punishment and therefore is not an unconstitutional bill of attainder. These Federal Circuit precedents are consistent with this Court's rejection of equal protection and bill of attainder challenges to an analogous statute withdrawing social security benefits to incarcerated beneficiaries, which was enacted contemporaneously with 38 U.S.C. § 5313. No factual development is necessary to dispose of either claim on the merits, and this Court should accordingly affirm the district court's dismissal of plaintiff's claims on the merits if it reaches this question.

## ARGUMENT

I.      **The District Court Lacked Jurisdiction over This Suit Because the VJRA Courts Have Exclusive Jurisdiction Over All Claims for Benefits, Including Constitutional Claims.**

Congress established a comprehensive and exclusive scheme to adjudicate veterans' benefits claims and review VA benefits decisions. Under that scheme, veterans may raise constitutional and other challenges to applicable statutes and regulations. In challenging the VA's reduction of his disability benefits payment pursuant to 38 U.S.C. § 5313, plaintiff was required to proceed under that exclusive

13

scheme rather than in district court. Plaintiff has no standing to challenge the constitutionality of Section 5313 independent from the injury he suffered when the VA relied on that provision in reducing his benefits because he was incarcerated, and plaintiff cannot mount a "facial" attack on Section 5313 that purports to be divorced from the benefits decision itself. The district court lacked jurisdiction over plaintiff's claims challenging the constitutionality of the statutes and regulations the VA relied upon in reducing his benefits, and this Court should accordingly affirm the dismissal of plaintiff's claims on jurisdictional grounds.

### A. The Exclusive Scheme Congress Established for Adjudicating Veterans' Benefits Claims Encompasses Constitutional Claims and Divests All Other Courts of Jurisdiction over Claims Relating to Benefits.

**1.** "Before 1988, a veteran whose claim was rejected by the VA was generally unable to obtain further review." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 432 (2011). In the VJRA, Congress established a single, comprehensive scheme for reviewing benefits decisions and specifically divested other courts of jurisdiction over claims relating to benefits—including constitutional claims.

The VJRA directs the Secretary of the VA to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Section 511(a) further provides that "the decision of the Secretary as to any such question shall be final and conclusive and may not be

14

reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise," except as provided in "subsection (b)." *Id.* In turn, Section 511(b) provides that benefits decisions by the Secretary are reviewable by the Board, *see id.* § 511(b)(4), an administrative component of the VA whose members are appointed by the Secretary and approved by the President, *id.* § 7101A. The plain text of this provision is broad, without any limitation as to the type of "question[] of law" —whether statutory or constitutional—to be addressed first by the Secretary and only subject to review pursuant to the VJRA's exclusive review mechanism.

Decisions by the Board are subject to review in the CAVC, an independent Article I court with authority to review legal and factual issues, including constitutional claims. 38 U.S.C. § 7261(a)(1); *see also Henderson*, 562 U.S. at 432 n.2 (stating that the CAVC's scope of review "is similar to that of an Article III court reviewing agency action under the Administrative Procedure Act"). Decisions by the CAVC may be appealed to the United States Court of Appeals for the Federal Circuit, an Article III court with "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c); *see also id.* § 7292(d)(1) (stating that the Federal Circuit "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions"). The Federal Circuit also has exclusive jurisdiction to review challenges to the VA's rules and regulations. *Id.* §§ 502, 511(b).

15

The design and effect of these provisions is to channel judicial review of all veterans' benefits claims, including constitutional claims, exclusively to the Board, the CAVC, and the Federal Circuit. Indeed, Congress enacted the VJRA at least in part to correct judicial decisions that had construed an earlier statutory provision barring judicial review of veterans' benefits decisions—38 U.S.C. § 211(a) (1970)—to allow review in some circumstances. *See Johnson v. Robison*, 415 U.S. 361, 366-67 (1974) (holding that Section 211(a) did not divest district courts of jurisdiction over constitutional challenges to veterans' benefits statutes in order to avoid the "serious questions" that would have been presented if that provision were interpreted to preclude *any* judicial review of such claims); *Traynor v. Turnage*, 485 U.S. 535, 541-45 (1988) (holding that Section 211(a) did not divest district courts of jurisdiction over Rehabilitation Act challenge to VA regulation); *Marozsan v. United States*, 852 F.2d 1469 (7th Cir. 1988) (en banc) (holding that Section 211(a) did not preclude constitutional challenges to VA procedures).

As the legislative history of the VJRA makes clear, Congress was concerned that "the Court's opinion in *Traynor* would inevitably lead to increased involvement of the judiciary in technical VA decision-making." H.R. Rep. No. 100-963, at 21, *as reprinted in* 1988 U.S.C.C.A.N. at 5803. Likewise, the House Committee on Veterans Affairs explained, while it "believes that *Johnson* v. *Robison* was correct in asserting judicial authority to decide whether statutes meet constitutional muster, the reasoning of that case has taken the courts further into individual decision-making than

16

Congress heretofore intended." *Id.* at 22, *as reprinted in* 1988 U.S.C.C.A.N. at 5803.

Thus, in establishing a new and exclusive scheme for reviewing claims related to

veterans' benefits—including constitutional claims—Congress sought to correct both

*Johnson* and *Traynor* and firmly close the door on review in district court. *See id.* at 27,

*as reprinted in* 1988 U.S.C.C.A.N. at 5809 (stating that the effect of the statutory

changes "is to broaden the scope of section 211").[3]

Congress also indicated in the legislative history that it channeled review of

claims related to veterans' benefits and challenges to VA rules and regulations

exclusively to the Board, the CAVC, and the Federal Circuit because "it is strongly

desirable to avoid the possible disruption of VA benefit administration which could

arise from conflicting opinions on the same subject due to the availability of review in

the 12 Federal Circuits or the 94 Federal Districts." H.R. Rep. No. 100-963, at 28, *as*

*reprinted in* 1988 U.S.C.C.A.N. at 5810. As the Federal Circuit has explained, Congress

consolidated review of all veterans' benefits decisions under the VJRA scheme

because this approach "avoided overburdening the district court system and because

---

[3] Although the language Congress used to accomplish this purpose was similar to the language in the prior version of Section 211(a), the legislative history explains that the revised version of that provision is broader because it "imposes a duty upon the [Secretary] to resolve all legal and factual questions which are necessary to a decision in a case." H.R. Rep. No. 100-963, at 27, *as reprinted in* 1988 U.S.C.C.A.N. at 5809. Thus, "if a veteran alleges that a statute is unconstitutional," or makes other allegations, "the Administrator must take a position with respect to such a contention if it is necessary to a decision in a case," *id.*, and that position may only be reviewed in the new scheme established under the VJRA.

the district courts lacked the necessary expertise." *Bates v. Nicholson*, 398 F.3d 1355, 1364 (Fed. Cir. 2005).

**2.** Since the enactment of the VJRA, courts have consistently rejected attempts by plaintiffs to raise claims related to veterans' benefits—including constitutional claims—outside the scheme Congress prescribed for litigating such claims. For example, the courts of appeals have held that that district courts lack jurisdiction over due process claims alleging systemic delays in the VA's adjudication of benefits claims, *Beamon v. Brown*, 125 F.3d 965 (6th Cir. 1997); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012), constitutional challenges to VA regulations, *Lewis v. Norton*, 355 F. App'x 69 (7th Cir. 2009), Fifth Amendment claims, *Zuspann v. Brown*, 60 F.3d 1156 (5th Cir. 1995), due process claims, *Larrabee ex rel. Jones v. Derwinski*, 968 F.2d 1497 (2d Cir. 1992), and First Amendment claims, *Hicks v. Veterans Admin.*, 961 F.2d 1367 (8th Cir. 1992).

Consistent with this authority from other circuits, this Court has repeatedly held that district courts lack jurisdiction over claims related to veterans benefits. As this Court summarized long ago in *Hall v. U.S. Department of Veterans' Affairs*, because "judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only" through the avenue provided by the VJRA, federal district courts and other courts of appeal are without jurisdiction. *See* 85 F.3d 532, 534 (11th Cir. 1996) (per curiam); *see also Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021) ("It is obvious that any type of substantive

benefits decision itself is unquestionably shielded from judicial review by § 511(a).”).

And, in *Smith*, this Court emphasized that “[n]umerous federal statutes and hundreds

of federal regulations govern a veteran’s eligibility for benefits, entitlement to benefits,

and the scope of those benefits, and thereby ‘affect[ ] the provision of benefits . . . to

veterans’” within the meaning of the VJRA’s channeling provision. *Smith*, 7 F.4th at

985 (last two alterations in original).[4]

Indeed, this Court has already recognized that district courts lack jurisdiction to

review constitutional challenges virtually identical to the one plaintiff seeks to bring

here. In *Hall*, this Court held that “[f]acial constitutional attacks” on 38 C.F.R.

§ 3.665, the regulation that implements 38 U.S.C. § 5313, must “be pursued in one of

two ways—either in accordance with the procedure set forth in the VJRA, or directly

in the Federal Circuit Court of Appeals as permitted by 38 U.S.C. § 502.” 85 F.3d at

534. This Court also suggested that “the vitality of the *Johnson* holding with respect to

the jurisdiction of the district courts to entertain facial constitutional attacks on

---

[4] In various unpublished decisions, this Court has confirmed the principle that plaintiffs may not evade the specialized scheme Congress sought to review veterans’ benefits decisions by characterizing their claims as something other than a challenge to benefits decisions. This Court has explained that “a plaintiff may not circumvent the VJRA’s jurisdictional limitations by cloaking a benefits claim in constitutional terms.” *Simpson v. U.S. Veterans’ Admin.*, No. 22-10636, 2022 WL 17247565, at *1 (11th Cir. Nov. 28, 2022) (per curiam). And this Court has held that Section 511(a) divested a district court of jurisdiction to review a preemption challenge to the application of a Georgia statute governing fiduciary commissions to a veteran’s fiduciary. *Andrews v. Secretary, Dep’t of Veterans Affairs*, 845 F. App’x 880, 885 (11th Cir. 2021) (per curiam).

veterans' benefits *legislation* (as opposed to the implementing rules and regulations) is debatable." *Id.* And in *Smith*, this Court recently observed that "a challenge to the constitutionality of a statute providing for the provision of benefits" is "a clear example of a case over which a federal court lacks jurisdiction under the VJRA." 7 F.4th at 976.

This Court's recognition in *Hall* and *Smith* that the VJRA divests district courts of jurisdiction over facial challenges to the statutory and regulatory provisions that require the VA to reduce incarcerated veterans' disability benefits payments during the period of their incarceration accords with that of all the courts of appeals to have addressed the issue. In *Lewis*, for example, the Seventh Circuit held that the plaintiff's "only option" to raise his ex post facto and bill of attainder challenges to the VA's reduction of his benefits pursuant to 38 C.F.R. § 3.665 was through the "VJRA's jurisdictional framework." 355 F. App'x at 70; *see also Johnson v. Department of Veterans Affairs*, 351 F. App'x 288, 290 (10th Cir. 2009) (same). As the Seventh Circuit explained, that is because the plaintiff's "actual injury arises from the VA's decision to reduce his benefits and recoup overpaid benefits," based on that regulation. *Lewis*, 355 F. App'x at 70. The Tenth Circuit likewise concluded that a plaintiff's ex post facto, bill of attainder, and equal protection challenges to 38 U.S.C. § 5313 constituted a "challenge to the VA's reduction of the benefits on a constitutional basis" that "is within the sole jurisdiction of the Court of Veteran Appeals," as the CAVC was then known. *Wanless v. Veterans Admin.*, 70 F.3d 123, 1995 WL 681471, at *2 (10th Cir.

20

1995) (unpublished table decision) (quotation marks omitted) (citing *Hicks*, 961 F.2d 1367).  That reasoning applies equally to plaintiff's claims here.

**3.**  The nature of plaintiff's suit underscores why constitutional challenges to veterans' benefits statutes and regulations are claims challenging VA benefits decisions that may only proceed in the exclusive scheme Congress established under the VJRA.

Plaintiff does not raise his "facial" challenge to 38 U.S.C. § 5313 in a vacuum. To the contrary, he only has a concrete injury sufficient for Article III standing to raise this challenge because the VA has applied 38 U.S.C. § 5313 and 38 C.F.R. § 3.665 to reduce his disability benefits payments based on his incarceration.  *See Lewis*, 355 F. App'x at 70; *cf. Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 662 (D.C. Cir. 2010) (holding that veterans organization lacked standing to pursue claims based upon "average" claims-processing times rather than delays they actually experienced).  So too the relief he requests in his complaint—*i.e.*, that his "full benefits be restored from the date that [Section] 5313 was unlawfully enacted"— confirms that his constitutional challenges to Section 5313 and its implementing regulations are, at bottom, just a challenge to the VA's reduction of his benefits.  DE 6, at 6; *see also* DE 1, at 7 (requesting that the court order "a time-table on which the Veterans Administration is to complete payment adjustment").  Just like the plaintiff in *Hall*, plaintiff here "clearly s[eeks] to reverse the Secretary's application of the law

as it affected him," which "he could do[] only by following the procedure required by the VJRA." 85 F.3d at 535.

While plaintiff may not raise such claims in district court, he could have raised them in the scheme Congress established under the VJRA for reviewing VA benefits decisions. Part of the *quid pro quo* that Congress envisioned when establishing an exclusive, new scheme allowing veterans for the first time to obtain review of VA benefits decisions was that no other courts outside that scheme would have jurisdiction to review any claims related to veterans' benefits. *See* 38 U.S.C. § 7261 (CAVC authority to review constitutional claims); *id.* § 7292(a), (d) (Federal Circuit authority to review constitutional claims). And the challenge to Section 5313 that plaintiff now seeks to pursue in this Circuit was rejected long ago when raised in the VJRA scheme. *See Hall v. West*, 217 F.3d 860, 1999 WL 1072252 (Fed. Cir. 1999) (per curiam) (unpublished table decision) (rejecting bill of attainder and equal protection challenges to 38 U.S.C. § 5313); *Wanless v. McDonough*, No. 23-0326, 2023 WL 8764419, at *4-5 (Vet. App. Dec. 19, 2023) (rejecting bill of attainder and equal protection challenges to 38 U.S.C. § 5313); *Estrada v. Shinseki*, No. 11-3439, 2013 WL 64489, at *12 (Vet. App. Jan. 7, 2013) (same).

Plaintiff cannot sidestep the congressionally-prescribed scheme of review or the Federal Circuit precedent arising from that review mechanism by declining to raise his challenges in an appeal from his benefits determination and instead seeking a district court order directing the payment of his benefits. *See Heckler v. Ringer*, 466

U.S. 602, 621-22 (1984) (holding that Medicare claimant could not circumvent statutorily-prescribed scheme); *Brown v. Department of Veterans Affairs*, 451 F. Supp. 2d 273, 280 (D. Mass. 2006) (holding that veterans "cannot bypass the administrative scheme"). Allowing him to do so would thwart the goal of uniformity that Congress sought to promote by establishing an exclusive scheme to review claims with respect to veterans benefits and broadly divesting all courts outside that scheme of jurisdiction to review such claims, even when couched as constitutional challenges to the underlying statutes and regulations pursuant to which the VA made particular benefits decisions.

If plaintiff were to prevail on his claim in this case, he would presumably seek to compel the VA to award benefits based upon such a decision, and this would impose conflicting obligations on the VA. Because the VA is bound to follow decisions by the CAVC and the Federal Circuit, *see Tobler v. Derwinski*, 2 Vet. App. 8, 14 (1991) (per curiam), a decision declaring Section 5313 unconstitutional in this case would not trump the Federal Circuit's *Hall* decision, and would thus not necessarily redress the injury—the VA's reduction of benefits payments—that gives plaintiff Article III standing to challenge that provision. In the alternative, if the VA were required to follow a decision declaring Section 5313 unconstitutional in this case, this would create precisely the sort of conflict and inconsistency in outcomes that Congress enacted the VJRA to avoid.

Moreover, plaintiff's bill of attainder and equal protection challenges to 38 U.S.C. § 5313 necessarily implicate 38 C.F.R. § 3.665, the regulation implementing 38 U.S.C. § 5313. But this Court has already specifically held that district courts lack jurisdiction to review challenges to this very regulation. *Hall*, 85 F.3d at 535. This Court should accordingly affirm the dismissal of plaintiff's claims in this case on the ground that the district court lacked jurisdiction.

**B.      There Is No Exception to the VJRA's Jurisdictional Bar for "Facial" Challenges to the Constitutionality of Veterans Benefits Statutes or Regulations.**

Plaintiff may argue on reply that the VJRA does not divest district courts of jurisdiction over "facial" constitutional challenges to veterans benefits statutes or regulations. But the statute draws no distinction between facial attacks on the statutes governing the award and calculation of benefits and other types of claims relating to benefits. Instead, Section 511(a) directs the VA to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits" and expressly prohibits review of those decisions except in the exclusive scheme Congress established to ensure uniformity and consistency in this context. *See* 38 U.S.C. § 511(a). Plaintiff's equal protection and bill of attainder claims fall comfortably within Section 511(a) because they are challenges to the federal statute, *id.* § 5313, and regulation, 38 C.F.R. § 3.665, that the VA relied upon in reducing his benefits payments.

Although some courts have occasionally suggested that district courts retain jurisdiction to consider facial constitutional challenges to veterans benefits statutes, those suggestions are incorrect and have typically been cursory and not necessary to the courts' holdings. In any event, such musings provide no basis for this Court to depart from its analysis in *Hall* and *Smith*.

As discussed *supra* pp. 18-20, this Court has correctly recognized that there is no basis in the text or purpose of the VJRA for carving out an exception to Section 511 that would allow district courts to consider "facial" challenges to veterans benefits statutes (or regulations) that ultimately seek to undo a benefits determination by the VA. *See Hall*, 85 F.3d at 534; *Smith*, 7 F.4th at 976. The Eighth and Tenth Circuits likewise have held that the VJRA divests district courts of jurisdiction over facial constitutional challenges to veterans benefits statutes. *See Hicks*, 961 F.2d at 1369; *Wanless*, 1995 WL 681471, at *2. Moreover, even the courts of appeals that have recognized that a facial challenge to a veterans benefits statute might not be subject to the VJRA have typically gone on to hold that Section 511(a) barred the constitutional claims actually presented because they were not true "facial" attacks on statutes. *See Zuspann*, 60 F.3d at 1159 (holding that the plaintiff's "complaint is an individualized challenge to the VA's decision to deny him benefits"); *Larrabee*, 968 F.2d at 1501 (holding that "other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA"); *Beamon*, 125 F.3d at 973 (same).

25

To the government's knowledge, only two courts of appeals have allowed a so-called "facial" challenge to a veterans' benefits statute to proceed outside of the VJRA's exclusive-review mechanism. *See Disabled Am. Veterans v. U.S. Dep't of Veterans Affairs*, 962 F.2d 136 (2d Cir. 1992); *Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171 (9th Cir. 2013). But those decisions rest on the premise that it is possible to separate what all agree must be channeled through the VJRA—the VA's benefits determinations as to individual veterans—from a facial constitutional challenge to a statute that governs the scope of the benefits at issue in those determinations. For example, the Second Circuit stated that a facial challenge to a compensation statute could go forward because "the Veterans neither make a claim for benefits nor challenge the denial of such a claim." *See Disabled Am. Veterans*, 962 F.2d at 141. And the Ninth Circuit opined that a facial constitutional challenge against another veterans benefits statute could proceed because it "would not require consideration of "'decisions" affecting the provision of benefits to any individual claimant.'" *See Recinto*, 706 F.3d at 1176 (alteration omitted) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citing 38 U.S.C. § 511). But neither of those opinions addressed how the veterans could have standing to challenge the relevant benefits statute absent the VA's application of that statute to their individual benefits claims.

Moreover, because both of these opinions rejected the constitutional challenges to the relevant benefits statutes on the merits, they also did not grapple with how an opinion finding that a veterans benefits statute was unconstitutional could be

26

implemented without undoing the benefits determinations that the VA issued

pursuant to those statutes. They likewise failed to address the question of how to

treat a facial constitutional challenge to a veterans benefit statute that necessarily also

challenged a VA regulation implementing that statute, as would be the case here. For

the reasons described above, implementation of such an order would create precisely

the kind of nationwide inconsistency that Congress sought to avoid by enacting the

VJRA.

Nor did either opinion lay out a compelling reason for why Congress would

have intended for district courts throughout the country to address this particular

subset of claims raising questions of law as to veterans benefits statutes that clearly

"affect[] the provision of benefits by the Secretary to veterans," while channeling all

other such challenges through the VJRA's exclusive-review mechanism. 38 U.S.C.

§ 511(a). For example, the Second Circuit's cursory analysis in *Disabled American

Veterans* rested on the mistaken premise that district courts must retain authority to

rule on the constitutionality of federal statutes even where Congress has channeled

such claims to an Article I court (the CAVC) with review in an Article III court (the

Federal Circuit). But no separation-of-powers problem arises where Congress limits

district court jurisdiction in this way. *See Bowles v. Russell*, 551 U.S. 205, 212 (2007).

In sum, this Court should adhere to the principle, first recognized in *Hall* and

reiterated in *Smith*, that challenges to federal statutes and regulations that "govern a

veteran's eligibility for benefits, entitlement to benefits, and the scope of those

benefits" plainly come within Section 511's ambit. *See Smith*, 7 F.4th at 985. Applying

that principle, this Court should affirm the dismissal of plaintiff's challenges to the

constitutionality of the statute pursuant to which the VA reduced his benefits

payments for lack of jurisdiction.

## II. Even if the District Court Had Jurisdiction, the District Court Correctly Dismissed Plaintiff's Constitutional Challenges.

Even if this Court concludes that the district court had jurisdiction over

plaintiff's equal protection and bill of attainder claims, it should affirm the dismissal of

those claims on the merits. Because those claims fail on purely legal grounds that do

not require any factual development and have been fully briefed by court-appointed

counsel, this Court may affirm the judgment below on this basis.

**A.** The district court correctly dismissed plaintiff's equal protection challenge

to Section 5313.

**1.** Unless a statute burdens fundamental rights or a suspect class, it will

ordinarily survive an equal protection challenge, so long as it is rationally-related

to a legitimate government purpose. Applying this extremely lenient standard of

review, this Court has upheld provisions of the Social Security Act restricting disability

and other payments to felons. *See Andujar v. Bowen*, 802 F.2d 404, 405 (11th Cir. 1986)

(per curiam) (upholding 42 U.S.C. § 402(x)); *see also, e.g., Zipkin v. Heckler*, 790 F.2d 16,

18-19 (2d Cir. 1986) (per curiam); *Schlomann v. McSteen*, 805 F.2d 1036, 1986 WL

18143, at *2 (6th Cir. 1986) (unpublished table decision); *Butler v. Apfel*, 144 F.3d 622,

28

625 (9th Cir. 1998) (per curiam); *Buccheri-Bianca v. Heckler*, 768 F.2d 1152, 1154-55 (10th Cir. 1985) (per curiam).  Notably, these are the same Social Security Act provisions—which were enacted at the same time as Section 5313—that plaintiff erroneously argues indicate that Congress was motivated by animus instead of legitimate legislative goals.  *See* Pl.'s Br. 20-23.

The statutory reduction of disability benefits payments to incarcerated veterans, 38 U.S.C. § 5313, easily survives rational-basis review.  As the Federal Circuit has explained, the reduction of disability benefits payments to incarcerated veterans plainly furthers the government's legitimate interest in avoiding duplication of support that is intended "to help disabled veterans maintain a standard of living compromised by a service-connected disability . . . [where] a minimum standard of living is provided, free, to prisoners."  *See Hall*, 1999 WL 1072252, at \*2; *see also, e.g.*, *Wanless v. Shinseki*, 618 F.3d 1333, 1337 (Fed. Cir. 2010) (emphasizing that "Congress intended for the statute to correct the perceived problem of 'providing hundreds and thousands of tax free benefits to [veterans incarcerated for the commission of felonies] when at the same time the taxpayers of this country are spending additional thousands of dollars to maintain these same individuals in penal institutions'" (alteration in original) (quoting 126 Cong. Rec. 26,118 (1980) (statement of Rep. G.V. Montgomery)).  And, as the CAVC has explained, Section 5313 also serves the legitimate interest of "prevent[ing] prisoners from being able to purchase contraband."  *Wanless*, 2023 WL 8764419, at \*4 (quoting *Latham v. Brown*, 4 Vet. App.

265, 267-68, *aff'd per curiam*, 11 F.3d 1070, 1993 WL 394802 (Fed. Cir. 1993) (unpublished table decision)).

Although the CAVC's and Federal Circuit's opinions do not bind this Court, they are instructive authority from courts within the specialized scheme Congress established to review veterans' benefits claims, and a contrary ruling by this Court with regard to the constitutionality of Section 5313(a) would create a conflict of the sort that Congress enacted the VJRA to avoid.

**2.** Plaintiff's arguments in support of his equal protection challenge to Section 5313 lack merit. As an initial matter, there is no reason to apply strict scrutiny, rather than rational-basis review as the opening brief urges. *See* Pl.'s Br. 39-44. Section 5313 does not implicate a fundamental right or apply to a suspect class. As the Federal Circuit explained in *Hall*, "the Supreme Court has stated that the grant of compensation allowances creates no vested right" for veterans and such allowances therefore "may be 'redistributed or withdrawn at any time in the discretion of Congress.'" 1999 WL 1072252, at *1 (quoting *Lynch v. United States*, 292 U.S. 571, 577 (1934)). Under this logic, the reduction of such benefits to the veteran does not restrict a fundamental right within the meaning of the equal protection clauses. As both the Federal Circuit and this Court have recognized, inmates are not a suspect class. *See id.* at *2 (holding that "prisoners are not a suspect class because the status of incarceration is neither an immutable characteristic, nor an invidious basis of classification"); *Rivera v. Allin*, 144 F.3d 719, 727 (11th Cir. 1998) (recognizing that

30

inmates are not a suspect class and applying rational-basis review to an equal protection challenge to the Prison Litigation Reform Act's three-strikes provision), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff's contention that Section 5313 is irrational fares no better. For example, plaintiff asserts that Congress could not have been motivated by the legitimate legislative aim of preventing prisoners from purchasing contraband because the statute would not serve that purpose as applied to him. Specifically, he alleges that he has not personally misused his disability benefits and that the particular prison in which he is incarcerated uses a credit system that would also prevent this misuse of disability. *See* Pl.'s Br. 30, 48-49. Even at this initial stage, however, a plaintiff cannot predicate a facial challenge to a statute aimed at ameliorating a general problem solely on assertions that the statute does not serve that aim based on his personal circumstances. *Cf. United States v. Ruggiero*, 791 F.3d 1281, 1285 (11th Cir. 2015) (A facial challenge "requires a defendant to show 'that no set of circumstances exists under which the [law] would be valid.'" (alteration in original) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

Plaintiff also contends that Congress could not have been motivated by the legitimate legislative aim of avoiding the duplication of benefits in this context because Congress did not also extend the reduction to additional categories of incarcerated veterans and because part of a veteran's disability benefits are duplicative of other benefits in other contexts. *See* Pl.'s Br. 29-30, 45-52. Such arguments fall far

short of showing that it was irrational for Congress to have adopted Section 5313's "legislative classification[s]," whether because Congress may have thought that "[e]vils in the same field may be of different dimensions and proportions, requiring different remedies" or because "the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." *Williamson v. Lee Optical of Okla., Inc.*, 348 U.S. 483, 489 (1955); *see also Milner v. Apfel*, 148 F.3d 812, 814 (7th Cir. 1998) (rejecting argument that denying benefits to those who were criminally committed but not those that were civilly committed undermined the rational basis for enacting 42 U.S.C. § 402(x)).

Following these guideposts, this Court has rejected equal protection challenges to statutes that applied to some but not all subsets of persons in a potential category. For example, this Court dismissed as "frivolous" a plaintiff's argument that a state could not impose age limits on trustees for some, but not all, state universities without violating the equal protection clause. *Clark v. Riley*, 595 F.3d 1258, 1264 n.8 (11th Cir. 2010). This Court likewise has rejected an equal protection challenge to a ballot initiative and implementing statute that selectively restored voting rights only as to those "felons who have completed their full sentences." *See Jones v. Governor of Florida*, 975 F.3d 1016, 1034 (11th Cir. 2020) (en banc). This Court explained that the "people of Florida could rationally conclude that felons who have completed all terms of their sentences, including paying their fines, fees, costs, and restitution, are more

32

likely to responsibly exercise the franchise than those who have not," and therefore should be treated differently. *Id.* at 1035.

This Court should therefore join the unanimous view of all of the courts that have rejected equal protection challenges to statutes that restrict or deny benefits during periods of incarceration for felonies.

**B.** The district court also correctly dismissed plaintiff's challenge to Section 5313 on the ground that it is an impermissible bill of attainder.

**1.** Where a statute restricts a noncontractual benefit, "only the clearest proof could suffice to establish" that the statute nevertheless violates the bill of attainder clause. *Flemming v. Nestor*, 363 U.S. 603, 617 (1960). As the Supreme Court cautioned long ago, statutes are entitled to a "presumption of constitutionality" and inquiries into "Congressional motives are at best a hazardous matter." *Id.* Courts therefore should not "lightly to choose that reading of the statute's setting which will invalidate it over that which will save it." *Id.* As a result, this Court—like every other court of appeals to address this question—rejected a bill of attainder challenge to the very provisions of the Social Security Act that plaintiff asserts demonstrate Congress's punitive intent in enacting the statute at issue here. *Compare* Pl.'s Br. 20-23, *with Andujar*, 802 F.2d at 405 (rejecting bill of attainder challenge to 42 U.S.C. § 402(x)), *Davis v. Bowen*, 825 F.2d 799, 801 (4th Cir. 1987), *Caldwell v. Heckler*, 819 F.2d 133, 134 (6th Cir. 1987) (per curiam), *Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir. 1985) (per

curiam), *Butler*, 144 F.3d at 626, *Jones v. Heckler*, 774 F.2d 997, 998 (10th Cir. 1985) (per curiam), *Wiley v. Bowen*, 824 F.2d 1120, 1122 (D.C. Cir. 1987) (per curiam).

In *Wiley*, for example, the D.C. Circuit declined to adopt precisely the kinds of arguments about 42 U.S.C. § 402(x) that plaintiff raises here in challenging 38 U.S.C. § 5313. The D.C. Circuit acknowledged that it might be "suspicious" that Congress "single[d] out incarcerated felons as the class of persons disqualified under the law" while allowing for benefits to other categories of persons "whose basic needs . . . are already provided at the public's expense" and that there are "statements by the sponsor and other key legislators that reflect a punitive motivation." *Wiley*, 824 F.2d at 1122. But the Court emphasized that such suspicions do not rise to the level of the "unmistakable evidence of punitive intent" required to declare a statute unconstitutional under *Flemming*. *See id.* (quoting *Flemming*, 363 U.S. at 619).

Plaintiff's challenge to 38 U.S.C. § 5313 fails for the same reasons. As the Federal Circuit explained in *Hall*, "the sanction of the mere denial of a noncontractual benefit without more d[oes] not evidence a congressional intent to punish." *Hall*, 1999 WL 1072252, at *1 (citing *Flemming*, 363 U.S. at 617). Because the reduction of disability benefits paid directly to an incarcerated veteran is a noncontractual benefit, *see id.*, the only question remaining is whether there is the "clearest proof" that Congress intended the statute to be punitive. *See Flemming*, 363 U.S. at 617.

The opening brief does not—and cannot—provide the "clearest proof" that Congress intended Section 5313 to be punitive. On the contrary, as the Federal

Circuit has recognized, the legislative history reveals that "Congress's main stated objective is the avoidance of duplicative Government expenditures that would result in a windfall for those convicted of felonies." *Wanless*, 618 F.3d at 1337 (quotation marks omitted); *see id.* (first citing 126 Cong. Rec. at 26,118 (statement of Rep. G.V. Montgomery); and then citing 126 Cong. Rec. at 26,122 (statement of Rep. Chalmers Wylie)); *see also Mulder v. McDonald*, 805 F.3d 1342, 1348 (Fed. Cir. 2015) (same). Moreover, every other court to have addressed this issue has likewise rejected bill of attainder challenges to Section 5313. *See Wanless*, 1995 WL 681471, at *2 (affirming the district court's alternate holding that Section 5313 did not violate the bill of attainder clause); *see also Lewis v. Norton*, No. 09-C-330, 2009 WL 1041815, at *3 (E.D. Wis. Apr. 17), *aff'd*, 355 F. App'x 69 (7th Cir. 2009); *Sorrow v. United States*, No. 2:20-CV-169, 2020 WL 13280677, at *6 (S.D. Tex. Oct. 27, 2020), *report and recommendation adopted*, 2021 WL 8441967 (S.D. Tex. Feb. 9, 2021); DE 11, at 6-7. As with plaintiff's equal protection challenge, the Federal Circuit's opinions on this issue are instructive authority from one of the specialized courts assigned to review veterans' benefits claims, and a contrary ruling would create the very inconsistencies that Congress sought to avoid in enacting the VJRA.

**2.** Plaintiff provides no persuasive basis for this Court to depart from the uniform holdings of every other court to have addressed this issue. As an initial matter, plaintiff's contention that the Federal Circuit has left open the question whether the statutory reduction of military benefits payments can be a punitive

confiscation of property (at least without more) is squarely foreclosed by *Hall*, which rejected that same argument based on Supreme Court precedent. *Compare* Pl.'s Br. 15-17, *with Hall*, 1999 WL 1072252, at *1 (citing *Lynch*, 292 U.S. at 576). And for much the same reason that the Federal Circuit and this Court have recognized that inmates are not generally a suspect class for purposes of equal protection analysis, *see supra* pp. 30-31, a statute that addresses issues related to inmates that arise as a result of incarceration should not be presumed to be bills of attainder.

Plaintiff's reliance (Pl. Br. 17-28) on isolated statements in the legislative history of Section 5313 (or a law review article's analysis of such statements), likewise provides no basis for a finding of punitive intent. That is especially true where, as here, the legislative history also contains numerous statements evincing legislative concerns about the duplication of benefits paid by taxpayer dollar and the potential for abuse of government benefits being used for prison contraband. *Cf. Wanless*, 618 F.3d at 1337; *Mulder*, 805 F.3d at 1348; *Wanless*, 2023 WL 8764419, at *4. Such legislative history falls far short of "unmistakable evidence" that "Congressional concern was *wholly* with" an impermissibly punitive intent, such that the entire statute must be struck as a bill of attainder. *Compare Flemming*, 363 U.S. at 619-20 (emphasis added), *with* Pl.'s Br. 17-28.

Plaintiff's assertions that Congress must have had a punitive intent because it did not also apply the reductions of disability benefits to veterans in other contexts, *see* Pl.'s Br. 18-19, 27-28, is no more help to the bill of attainder claim than it is to the

equal protection claim, *see supra* pp. 31-33. Indeed, the Supreme Court denied an analogous bill of attainder challenge to a statute that prohibited the payment of social security benefits to beneficiaries who had been deported while allowing payments to those who voluntarily resided abroad. *See Flemming*, 363 U.S. at 620-21. As the Supreme Court emphasized, such arguments cannot carry they day because "we cannot with confidence reject all those alternatives which imaginativeness can bring to mind, save that one which might require the invalidation of the statute." *Id.* at 621. That rationale applies equally here.

This Court should therefore join the unanimous view of all of the courts that have rejected bill of attainder challenges to statutes that restrict or deny benefits during periods of incarceration for felonies.

# CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing plaintiff's claims should be affirmed on the ground that the district court lacked jurisdiction over those claims or, in the alternative, for failure to state a claim.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

ROGER B. HANDBERG
  *United States Attorney*

CHARLES W. SCARBOROUGH

*s/ Caroline D. Lopez*

CAROLINE D. LOPEZ
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7535*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-4825*
  *caroline.d.lopez@usdoj.gov*

October 2024

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 9,622 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Caroline D. Lopez*
Caroline D. Lopez

# CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.

*s/ Caroline D. Lopez*

Caroline D. Lopez

**ADDENDUM**

# TABLE OF CONTENTS

38 U.S.C. § 502...................................................................................................................A1

38 U.S.C. § 511...................................................................................................................A1

38 U.S.C. § 5313 ................................................................................................................A2

38 C.F.R. § 3.665 ...............................................................................................................A3

**38 U.S.C. § 502**

### § 502.  Judicial review of rules and regulations

An action of the Secretary to which section 552(a)(1) or 553 of title 5 (or both) refers is subject to judicial review. Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit. However, if such review is sought in connection with an appeal brought under the provisions of chapter 72 of this title, the provisions of that chapter shall apply rather than the provisions of chapter 7 of title 5.


**38 U.S.C. § 511**

### § 511.  Decisions of the Secretary; finality

**(a)** The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

**(b)** Thee second sentence of subsection (a) does not apply to—

**(1)** matters subject to section 502 of this title;

**(2)** matters covered by sections 1975 and 1984 of this title;

**(3)** matters arising under chapter 37 of this title; and

**(4)** matters covered by chapter 72 of this title.

**38 U.S.C. § 5313**

### § 5313. Limitation on payment of compensation and dependency and indemnity compensation to persons incarcerated for conviction of a felony

**(a)(1)** To the extent provided in subsection (d) of this section, any person who is entitled to compensation or to dependency and indemnity compensation and who is incarcerated in a Federal, State, local, or other penal institution or correctional facility for a period in excess of sixty days for conviction of a felony shall not be paid such compensation or dependency and indemnity compensation, for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds--

>**(A)** in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title; or

>**(B)** in the case of a veteran with a service-connected disability not rated at 20 percent or more or in the case of a surviving spouse, parent, or child, one-half of the rate of compensation payable under section 1114(a) of this title.

**(2)** The provisions of paragraph (1) of this subsection shall not apply with respect to any period during which a person is participating in a work-release program or is residing in a halfway house.

**(b)(1)** All or any part of the compensation not paid to a veteran by reason of subsection (a) of this section may, as appropriate in an individual case, be apportioned under the same terms and conditions as are provided under section 5307 of this title.

**(2)** All or any part of the dependency and indemnity compensation not paid to a surviving spouse or child by reason of subsection (a) of this section may, as appropriate in an individual case, be apportioned as follows:

>**(A)** In the case of dependency and indemnity compensation not paid to a surviving spouse, any apportionment shall be to the surviving child or children.

>**(B)** In the case of dependency and indemnity compensation not paid to a surviving child, any apportionment shall be to the surviving spouse or other surviving children, as applicable.

\*\*\*\*

**38 C.F.R. § 3.665**

### § 3.665.  Incarcerated beneficiaries and fugitive felons—compensation.

(a) General. Any person specified in paragraph (c) of this section who is incarcerated in a Federal, State or local penal institution in excess of 60 days for conviction of a felony will not be paid compensation or dependency and indemnity compensation (DIC) in excess of the amount specified in paragraph (d) of this section beginning on the 61st day of incarceration. VA will inform a person whose benefits are subject to this reduction of the rights of the person's dependents to an apportionment while the person is incarcerated, and the conditions under which payments to the person may be resumed upon release from incarceration. In addition, VA will also notify the person's dependents of their right to an apportionment if the VA is aware of their existence and can obtain their addresses. However, no apportionment will be made if the veteran or the dependent is a fugitive felon as defined in paragraph (n) of this section.

\*\*\*

(d) Amount payable during incarceration—

> (1) Veteran rated 20 percent or more. A veteran to whom the provisions of paragraphs (a) and (c) of this section apply with a service-connected disability evaluation of 20 percent or more shall receive the rate of compensation payable under 38 U.S.C. 1114(a).

> (2) Veteran rated less than 20 percent. A veteran to whom the provisions of paragraphs (a) and (c) of this section apply with a service-connected disability evaluation of less than 20 percent (even though the rate for 38 U.S.C. 1114(k) or (q) is paid) shall receive one-half the rate of compensation payable under 38 U.S.C. 1114(a).

> (3) Surviving spouse, parent or child. A surviving spouse, parent, or child, beneficiary to whom the provisions of paragraphs (a) and (c) of this section apply shall receive one-half the rate of compensation payable under 38 U.S.C. 1114(a).

\*\*\*\*