[PUBLISH]

# In the
# United States Court of Appeals
### For the Eleventh Circuit

_____

No. 23-10682

_____

FLOYD D. JOHNSON,
a.k.a Donald F. Johnson,

                                       Plaintiff-Appellant,

*versus*

UNITED STATES CONGRESS,

                                       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00504-WWB-DAB

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and BRASHER, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

　　This appeal requires us to decide whether an incarcerated veteran may sue the United States Congress to challenge the constitutionality of a veterans' benefits statute, 38 U.S.C. § 5313, and, if not, whether he should be granted leave to amend his complaint to name a proper defendant. Floyd D. Johnson sued Congress after the Veterans Benefits Administration reduced his monthly disability compensation under section 5313, which limits disability payments for certain incarcerated veterans. *See id.*; 38 C.F.R. § 3.665. Johnson alleged that section 5313 violated both the Bill of Attainder Clause, U.S. CONST. art. I, § 9, cl. 3, and the Equal Protection component of the Fifth Amendment, *id.* amend. V. The district court assumed, without deciding, that it had jurisdiction and dismissed Johnson's complaint as frivolous. Because sovereign immunity bars Johnson's complaint against Congress, and any amendment would be futile in the light of the exclusive review scheme established by the Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988), we vacate and remand with instructions to dismiss without prejudice for lack of jurisdiction.

## I. BACKGROUND

　　Floyd D. Johnson, a United States Army veteran, was convicted of several state felonies and sentenced to 40 years of imprisonment in a Florida prison. During his incarceration, Johnson applied for disability benefits based on service-related post-traumatic

stress disorder. The Veterans Benefits Administration initially approved Johnson's application at a 70 percent rate and later increased it to 80 percent following an administrative appeal. But the Administration later reduced Johnson's monthly benefits to a 10 percent rate under section 5313 of the Veterans' Benefits Act, which limits disability benefits to veterans incarcerated for more than 60 days due to a felony conviction. *See* 38 U.S.C. §§ 1114(a), 5313; 38 C.F.R. § 3.665.

Johnson filed a *pro se* complaint against the United States Congress challenging his reduction in benefits. He alleged that section 5313 violated both the Bill of Attainder Clause, U.S. CONST. art. I, § 9, cl. 3 and the Equal Protection component of the Fifth Amendment, *id.* amend. V. Johnson sought an order directing the Administration "to immediately cease compensating incarcerated veterans at the reduced 10 [percent] rate and to retroactively compensate incarcerated veterans" for alleged underpayment.

A magistrate judge recommended dismissal of Johnson's complaint. *See* 28 U.S.C. § 1915A. The magistrate judge assumed, without deciding, that "the [c]ourt may have jurisdiction over [Johnson's] claim for veterans benefits to the extent he alleges only facial constitutional challenges." But the magistrate judge concluded that Johnson's claims were frivolous because he "failed to provide any persuasive allegation, argument, or citation that would lead the [magistrate judge] to conclude that he can present an arguable basis in law."

Over Johnson's objection, the district court adopted the magistrate judge's report and recommendation and dismissed his complaint. It declined to consider Johnson's "general and conclusory objections" to the report. It dismissed his complaint because "numerous courts ha[d] upheld the law" and Johnson failed "to set forth a sufficient legal basis to challenge such precedent."

We appointed Patrick Fagan and Jeffrey Chen as counsel to represent Johnson on appeal. We thank them for accepting the appointment and for ably representing Johnson in keeping with the highest traditions of the legal profession. After the briefs were filed, we asked the parties to be prepared to address at oral argument "whether [we] should vacate the district court's judgment and remand with instructions to dismiss without prejudice because Congress has not waived its sovereign immunity for constitutional claims arising from its enactment of legislation." In response, Johnson moved for us to treat the Administration as the named defendant or, in the alternative, to grant him leave to amend his complaint to name a proper defendant.

## II. STANDARD OF REVIEW

We review our subject-matter jurisdiction *de novo*, "even when it is raised for the first time on appeal." *Dupree v. Owens*, 92 F.4th 999, 1004 (11th Cir. 2024).

## III. DISCUSSION

Article III of the Constitution provides that the judicial power "shall extend" to certain "Cases" and "Controversies." U.S. CONST. art. III, § 2. As a result, "[f]ederal courts are courts of

limited jurisdiction" that "possess only that power authorized by the Constitution and statute." *United States v. Rivera*, 613 F.3d 1046, 1049 (11th Cir. 2010) (alteration adopted) (citation and internal quotation marks omitted). For this reason, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction" and to "raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Because "[j]urisdiction is power to declare the law, . . . when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869). "Without jurisdiction," federal courts "cannot proceed at all in any cause." *Id.*

The district court erred when it assumed jurisdiction without deciding it. A federal court "cannot exercise hypothetical jurisdiction any more than [it] can issue a hypothetical judgment." *Friends of the Everglades v. EPA*, 699 F.3d 1280, 1289 (11th Cir. 2012). That is, federal courts may not "assum[e] jurisdiction for the purpose of deciding the merits." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation and internal quotation marks omitted). Because "[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion," the practice is "beyond the bounds of authorized judicial action." *Id.* at 94, 101.

We address whether the district court had subject-matter jurisdiction in two parts. First, we explain that sovereign immunity

bars Johnson's complaint against the United States Congress. Second, we explain that granting Johnson leave to amend his complaint would be futile because the district court would still lack jurisdiction under the exclusive review scheme established by the Veterans' Judicial Review Act.

### A. Sovereign Immunity Bars Johnson's Suit Against the United States Congress.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (alterations adopted) (citation and internal quotation marks omitted). "Sovereign immunity is jurisdictional," so "the existence of consent is a prerequisite for [subject-matter] jurisdiction." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citation and internal quotation marks omitted). "[E]xcept as Congress has consented to a cause of action against the United States, there is no jurisdiction in the Court of Claims" or "in any other court to entertain suits against the United States." *United States v. Testan*, 424 U.S. 392, 399 (1976) (citation and internal quotation marks omitted). A "waiver of . . . sovereign immunity 'cannot be implied but must be unequivocally expressed,'" *id*. (citation omitted), and is "strictly construed, in terms of its scope, in favor of the sovereign," *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *see also* William Baude & Samuel L. Bray, *Proper Parties, Proper Relief*, 137 HARV. L. REV. 153, 156 (2023) (explaining that federal courts may not "issue judgments

against nonconsenting sovereigns" because Article III requires "proper parties against whom proper relief could be issued").

Moreover, as a jurisdictional limitation, sovereign immunity cannot be waived by federal officials. *See United States v. U.S. Fid. & Guar. Co.*, 309 U.S. 506, 513 (1940) ("[I]t is said that there was a waiver of immunity by a failure to object to the jurisdiction . . . . It is a corollary to immunity from suit on the part of the United States . . . that this immunity cannot be waived by officials. If the contrary were true, it would subject the Government to suit in any court in the discretion of its responsible officers."). And because subject-matter jurisdiction "can never be forfeited or waived," we "have an independent obligation to determine" our own jurisdiction, "even in the absence of a challenge from any party." *Dupree*, 92 F.4th at 1004–05 (citation and internal quotation marks omitted).

At oral argument, both parties acknowledged that Congress has not waived sovereign immunity for constitutional challenges to section 5313. We agree. So Johnson cannot sue Congress.

### B. *Granting Leave to Amend Would be Futile.*

Because Congress is not a proper defendant, Johnson asks us to construe his complaint as naming a proper defendant or to grant him leave to amend on appeal to substitute a proper party. But any amendment would be futile because Congress has vested exclusive jurisdiction to review challenges to the constitutionality of veterans' benefits laws in the Court of Appeals for Veterans Claims and in the United States Court of Appeals for the Federal Circuit.

We begin, as always, with the statutory text. *See Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). Section 511 provides that "[t]he Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Unless a statutory exception applies, "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.*

The Veterans' Judicial Review Act provides an exclusive scheme of judicial review for all questions arising from veterans' benefits decisions. First, "[a]ll questions . . . subject to decision by the Secretary" under section 511(a) are "subject to one review on appeal" to the Board of Veterans' Appeals, and its decision becomes the "[f]inal decision[]" of the Secretary. *Id.* § 7104(a). After the Board decides the appeal, "[t]he Court of Appeals for Veterans Claims [has] *exclusive* jurisdiction to review decisions of the Board" and "to affirm, modify, or reverse a decision of the Board or to remand the matter." *Id.* § 7252(a) (emphasis added). It must "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions" and "hold unlawful and set aside decisions" "contrary to constitutional right, power, privilege, or immunity" or "in violation of a statutory right." *Id.* § 7261(a)(1), (3). After the Court of Appeals for Veterans Claims decides an appeal, any party may appeal to the Federal Circuit "with respect to the validity of a decision of the Court on a rule of law or of any statute or

regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." *Id*. § 7292(a).

"[T]he Federal Circuit [has] *exclusive* jurisdiction to . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id*. § 7292(c) (emphasis added). It must "decide all relevant questions of law, including interpreting constitutional and statutory provisions," and "hold unlawful and set aside any regulation or any interpretation thereof" that it finds to be "contrary to constitutional right, power, privilege, or immunity." *Id*. § 7292(d)(1)(B). Although factual findings and applications of law to fact typically fall outside its scope of review, the Federal Circuit may review these issues to the extent they present constitutional questions. *Id*. § 7292(d)(2). Its judgments are final, subject only to review by the Supreme Court by writ of certiorari. *Id*. § 7292(c).

To decide whether the Veterans' Judicial Review Act bars Johnson's complaint from being filed in the district court, we "ask[] only whether Congress' intent to preclude district court jurisdiction [is] 'fairly discernible in the statutory scheme.'" *Elgin v. Dep't of the Treasury*, 567 U.S. 1, 9–10 (2012) (citation omitted). To be sure, the Supreme Court has cautioned that "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear" so as "to avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Webster v. Doe*, 486 U.S. 592, 603 (1988) (citation omitted). But as *Elgin* clarified, the

"heightened standard" applies only when a statute "purports to 'deny *any* judicial forum for a colorable constitutional claim.'" 567 U.S. at 9 (emphasis added) (quoting *Webster*, 486 U.S. at 603). No heightened standard applies "where Congress simply channels judicial review of a constitutional claim to a particular court." *Id.*

The Act does not eliminate judicial review; it instead channels review exclusively to the Court of Appeals for Veterans Claims and then to the Federal Circuit. Congress's intent to exclude district-court jurisdiction is "fairly discernible" from the Act. *Id.* at 9–10 (citation and internal quotation marks omitted). By vesting in the Federal Circuit "exclusive jurisdiction" to interpret constitutional provisions "necessary to a decision" and empowering that federal court to set aside any regulation or interpretation found "contrary to constitutional right," 38 U.S.C. § 7292(c), (d)(1), Congress clearly barred district courts from exercising jurisdiction over constitutional claims related to veterans' benefits decisions.

Johnson concedes that the Act strips district courts of jurisdiction over as-applied constitutional challenges to statutes affecting individual benefits decisions. And each of our sister circuits that has considered the question agrees that a veteran cannot circumvent the statutory scheme by recasting his benefit decision in constitutional terms. *See, e.g.*, *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("[C]ourts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."); *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995) ("Since the enactment of the [Act], federal

courts have refused to entertain constitutional claims if they are based on the [Administration's] actions in a particular case."); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1370 (8th Cir. 1992) (concluding that veteran's "claim that unconstitutional retaliatory conduct was the cause of the reduction of his disability rating and benefits is essentially a challenge to the reduction of benefits on a constitutional basis" and that "[a]s a challenge to a decision affecting benefits, it is encompassed by [section] 511 and is not reviewable"); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc) (concluding that the jurisdictional limitation in section 511(a) "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the [Administration] acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases"); *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (holding that a district court lacked jurisdiction to consider a litigant's allegations against Administration officials because he sought "review of actions taken in connection with the denial of [his] administrative claim for benefits" and presented "nothing more than a challenge to the underlying benefits decision"); *Blue Water Navy Viet. Veterans Ass'n v. McDonald*, 830 F.3d 570, 574 (D.C. Cir. 2016) (explaining that section 511 bars district court review of a claim "when 'underlying the claim is an allegation that the [Administration] unjustifiably denied . . . a veterans' benefit'" (citation omitted)).

Nevertheless, Johnson contends—and some of our sister circuits have agreed—that district courts retain jurisdiction over facial constitutional challenges, despite no textual support in the Act

distinguishing between facial and as-applied claims. *See, e.g.*, *Disabled Am. Veterans v. U.S. Dep't of Veterans Affs.*, 962 F.2d 136, 141 (2d Cir. 1992) ("[S]ince the Veterans neither make a claim for benefits nor challenge the denial of such a claim, but rather challenge the constitutionality of a statutory classification drawn by Congress, the district court had jurisdiction . . . ."); *Gila River Indian Cmty. v. U.S. Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) ("[Section] 511(a) allows the exercise of jurisdiction over certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" (quoting *Veterans for Common Sense*, 678 F.3d at 1034)); *Beamon v. Brown*, 125 F.3d 965, 972–73, 973 n.4 (6th Cir. 1997) (holding that "district court jurisdiction over facial challenges to acts of Congress survived [section 511]," yet concluding that "Congress . . . effectively stripp[ed] district courts of any such jurisdiction" over "constitutional attacks on the operation of the claims system" (citation and internal quotation marks omitted)).

We see no textual basis for interpreting the language vesting "exclusive jurisdiction" in reviewing courts to "interpret constitutional . . . provisions," 38 U.S.C. § 7292(c), and "set aside decisions" found "contrary to constitutional right," *id.* § 7261(a)(3), as being limited only to as-applied constitutional challenges to individual benefits decisions. "Without some indication to the contrary," we will not "arbitrarily limit[]" the Act's jurisdictional scheme by carving out facial constitutional challenges, because doing so would

deny the statutory text its "full and fair scope." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 9, at 101 (2012).

Our sister circuits' decisions largely predate *Elgin*, and none of their later precedents address whether *Elgin* requires a different result. *See, e.g.*, *Disabled Am. Veterans*, 962 F.2d 136 (predating *Elgin*); *Gila River Indian Cmty.*, 899 F.3d 1076 (not citing *Elgin*); *Beamon*, 125 F.3d 965 (predating *Elgin*). There the Supreme Court rejected a proposed distinction between facial and as-applied constitutional challenges as "hazy at best and incoherent at worst." *Elgin*, 567 U.S. at 15. The Court instead held that a comprehensive administrative-review scheme for terminations of civil servants' employment, culminating in review by the Federal Circuit, barred a district court from exercising jurisdiction over constitutional claims. *Id.* at 5, 15. And it rejected the attempt to "carve[] out for district court adjudication only facial constitutional challenges," because "'the distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge.'" *Id.* at 15 (quoting *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010)).

Johnson responds by pointing to an earlier decision, *Johnson v. Robison*, 415 U.S. 361 (1974), which held that section 211(a)—the predecessor to section 511(a)—did not preclude the district courts from entertaining facial constitutional challenges to acts of Congress affecting benefits. *See* Act of August 12, 1970, § 8, 84 Stat. 787,

790 (current version at 38 U.S.C. § 511). But *Robison* involved a materially different statutory scheme that has since been amended. In *Robison*, the Administration argued that section 211(a) "bar[red] federal courts from deciding the constitutionality of veterans' benefits legislation." *Id.* at 366. Because that construction would have left "a veteran whose claim was rejected by the [Administration] . . . unable to obtain further review" in *any* court, *Henderson*, 562 U.S. at 432, the Supreme Court explained that "[s]uch a construction would . . . raise serious questions concerning the constitutionality of [section] 211(a)," *Robison*, 415 U.S. at 366. So it applied the canon of constitutional avoidance to "ascertain whether a construction of the statute is fairly possible by which the constitutional questions may be avoided." *Id.* at 367 (alterations adopted) (citation and internal quotation marks omitted).

The Court ruled that district courts retained jurisdiction to hear facial constitutional challenges to veterans' benefits statutes because "no explicit provision of [section] 211(a) bar[red] judicial consideration of appellee's constitutional claims" and there was no "'clear and convincing' evidence of [Congress's] intent . . . to restrict access to judicial review." *Id.* at 367, 373–74. Central to that holding was the reasoning that the former section 211(a) stripped the jurisdiction of a district court to review a decision of "the Administrator on any question of law or fact *under any law administered by* the Veterans' Administration providing benefits for veterans." 84 Stat. at 790 (emphasis added). The Court explained the distinction between, on the one hand, "[a] decision of law or fact 'under' a statute [that] is made by the Administrator in the

interpretation or application of a particular provision of the statute," and, on the other, a "constitutional challenge . . . to a decision of Congress." *Robison*, 415 U.S. at 367 (emphasis omitted). Because facial constitutional challenges "arise under the Constitution," not the statutes whose validity they contest, the Court held that section 211(a) did not deprive district courts of jurisdiction to hear facial challenges. *Id.* (citation and internal quotation marks omitted).

When Congress amended the statute a decade after *Robison*, it adopted materially different language that resolved the concerns expressed by the Supreme Court. Unlike its predecessor, section 511(a) does not restrict the Administrator's authority over questions arising "under any law *administered* by the Veterans' Administration." 84 Stat. at 790 (emphasis added). Instead, it instructs the Secretary to decide "all questions of law and fact necessary to a decision by the Secretary under a law that *affects* the provision of benefits." 38 U.S.C. § 511(a) (emphasis added). The constitutionality of an underlying benefits statute unquestionably presents a "question[] of law . . . that *affects* the provision of benefits." *Id.* (emphasis added). By replacing the narrower phrase "administered by," 84 Stat. at 790, with the broader term "affects," 38 U.S.C. § 511(a), Congress expanded the statute's reach and foreclosed the very distinction on which *Robison* rested.

Moreover, *Robison* invoked the canon of constitutional avoidance because the Administration's interpretation of the former section 211(a) would have foreclosed *all* judicial review of constitutional claims. "[I]f a federal statute were construed to deny any

judicial forum for a colorable constitutional claim," it would raise a "'serious constitutional question.'" *Webster*, 486 U.S. at 603 (citation omitted). But this concern applies only to statutes that "deny any judicial forum for a colorable constitutional claim," not to those that only "channel[] judicial review of a constitutional claim to a particular court." *Elgin*, 567 U.S. at 9 (citation and internal quotation marks omitted).

Section 511(a), like the statute in *Elgin*, does not foreclose all judicial review; it instead directs that judicial review occur exclusively in the Court of Appeals for Veterans Claims and then in the Federal Circuit. Because the Federal Circuit, an Article III court, is fully capable of providing meaningful review, section 511(a) does not raise the "serious constitutional question" posed by the former statute in *Robison*. We need not strain to adopt a statutory construction that avoids a constitutional question; we need only apply the statute as written.

Even if Johnson were to remove Congress as a defendant and assert only a facial constitutional challenge to section 5313, the district court would still lack jurisdiction. Section 511(a) requires the Secretary to address all constitutional questions "necessary" to deciding veterans' benefits claims, and the Act establishes an exclusive process of judicial review for those decisions. Because the constitutionality of a governing statute plainly raises a "question[] of law" that "affects the provision of benefits," 38 U.S.C. § 511(a), and Congress vested the Federal Circuit with "exclusive jurisdiction" to decide constitutional questions "necessary to" the Secretary's

23-10682               Opinion of the Court                    17

decision, *id.* § 7292(c), we end where we began: with the words of the statutory text. That text makes clear that any amendment of Johnson's complaint would be futile.

## IV. CONCLUSION

We **VACATE** and **REMAND** with instructions to dismiss without prejudice for lack of jurisdiction.